```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ELPIDIO PANIGUA,                                            :
on behalf of himself, FLSA Collective Plaintiffs            :
and the class,                                              :
                                    Plaintiff,              :     15-CV-8885 (VSB)
                                                            :
              -v-                                           :     ORDER
                                                            :
                                                            :
EL BOHIO TROPICAL SQUARE INC.,                              :
doing business as                                           :
El Bohio Tropical Restaurant, et al.                        :
                                                            :
                                    Defendants.             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2016

VERNON S. BRODERICK, United States District Judge:

       The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case.  Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Therefore, pursuant to my Order of June 24, 2016, (Doc. 48), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable.  I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  For the reasons stated below, I believe that the settlement of the parties is fair and reasonable and therefore approve it.

       To determine whether a settlement is fair and reasonable under the FLSA, I "consider the

totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  Where, as here, a settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs' attorney's fees . . . ." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  In order to aid in this determination, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2 (quoting *Wolinsky*, 900 F. Supp. 2d at 336) (internal quotation mark omitted).

I first consider the settlement amount and the range of possible recovery by Plaintiff.  The agreement provides for a settlement payment of $20,000.00 to Plaintiff, inclusive of attorney's fees and expenses.  (Set. Ag. at 1-2.)[1]  Counsel represents that Plaintiff's calculated damages would be $11, 355.20.  (Joint Let. at 2.)[2]  Plaintiff is receiving $11,500 of the settlement amount, and therefore the settlement represents greater than 100% of Plaintiff's total calculated damages.  In addition to providing Plaintiff with more than he could receive even if he were fully successful at trial, this settlement allows the parties to avoid anticipated burdens and expenses as well as litigation risks.  (*Id.* at 2-3.)  Finally, there is no basis for me to believe that there was any

---

[1] "Set. Ag." refers to the parties' Settlement Agreement, which was attached as Exhibit A to the parties' August 22, 2016 joint letter to the Court.  (Doc. 51.)
[2] "Joint Let." refers to the parties' August 22, 2016 joint letter to the Court.  (Doc. 40.)

fraud or collusion involved in the settlement, and it appears to have been the result of arms-length negotiation between experienced counsel.  Based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

I next consider the attorney's fees and costs contemplated in the Settlement Agreement. The attorney's fees sought are $8,500 ($8,000 in attorney's fees and $500 in costs).  (*Id.* at 3.) The attorney's fees represent approximately 40 percent of the total $20,000 settlement amount, and Plaintiff's counsel has submitted documentation suggesting that the lodestar figure is $17,550—significantly more than the amount of the fee requested.  Courts in this district regularly approve attorney's fees of one-third of the settlement amount in FLSA cases, so this amount is higher than traditionally permitted.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District.").  Plaintiff's counsel has submitted billing records reflecting the number of hours the firm expended and the hourly rates used to calculate the lodestar.  Other than the rate for partner work, these hourly rates are in line with the rates traditionally used to calculate fees in FLSA cases in this district—Plaintiff's submitted rates are $175/hour for associate work, $350/hour for counsel work, $550/hour for partner work, and $125/hour for paralegal work.  *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.,* No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding $175/hour as a rate that "is significantly more in line with approved rates for junior associates in this District"); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No.

3

09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (approving a rate of $350/hour for attorneys with 12-years' experience).  While the fact that an attorney has repeatedly charged the same rate can provide evidence that the rate is reasonable, *see Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) ("[T]he range of rates that plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear."); *Lilly v. Cty. of Orange*, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the market place is evidence of the prevailing market rate."), Plaintiff has provided no evidence that a partner at Plaintiff's counsel's firm has ever been paid $550 an hour in a FLSA case or any other case for that matter.  However, substitution of the rates typically used to calculate partners fees in FLSA cases for the rates used by Plaintiffs' counsel—$350/hour for partner work— would still yield a lodestar of approximately $14,610.00.  Given that this figure is still greater than the fees requested in this case, Plaintiff's counsel's fee award is fair compensation for the work put into this case.  Although 40 percent is larger than the amount traditionally allowed in this District, here the end result of the settlement is Plaintiff receiving an amount greater than could have been achieved in litigation even if Plaintiff was 100 percent successful.  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

       The settlement agreement of the parties is hereby APPROVED.

       SO ORDERED.

Dated:      October 14, 2016
               New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge

4